IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JUSTIN OLIVER                                                                                            PLAINTIFF

vs.                                           Civil No. 2:12-cv-02212

CAROLYN W. COLVIN                                                                                 DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Justin Oliver ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his DIB and SSI applications on April 7, 2010.  (Tr. 9, 115-126).  In these applications, Plaintiff alleged being disabled due to right eye blindness with complications, migraines, right eye glaucoma, and right eye pressure.  (Tr. 157).  Plaintiff alleges an onset date of January 1, 2010.  (Tr. 9, 115-126).  These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

reconsideration. (Tr. 51-54).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 72-73). Plaintiff's administrative hearing was held on June 2, 2011 in Fort Smith, Arkansas. (Tr. 25-50). Plaintiff was present at this hearing and was represented by Fred Cadell. *Id.* Plaintiff and Vocational Expert ("VE") Larry Siford testified at the hearing in this matter. *Id.*

On July 14, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 6-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2010, his alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following impairments: loss of vision in the right eye, headaches, posttraumatic stress disorder ("PTSD"), and depression. (Tr. 11, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11-13, Finding 4).

The ALJ determined Plaintiff was twenty-seven (27) years old on his alleged disability onset date. (Tr. 18, Finding 7). Such an individual is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). *Id.* The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 18, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective allegations and determined his RFC. (Tr. 13-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his

claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can only occasionally climb, balance, crawl, kneel, stoop, and crouch. The claimant must avoid concentrated exposure to temperature extremes, loud noises, fumes, odors, dusts, and other pulmonary irritants. He cannot do work requiring excellent vision, but he can avoid hazards in the workplace and distinguish between shapes and colors of objects such as nuts, bolts and screws. He can understand, remember and carry out simple, routine and repetitive tasks and respond appropriately to usual work situations and interact appropriately with supervisors. He can have only incidental contact with coworkers and can have no contact with the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the ALJ determined Plaintiff would be unable to perform any of his PRW. (Tr. 18, Finding 6). The ALJ then evaluated whether there was other work existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 18-19, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 18-19, 45-50). Specifically, the VE testified that a hypothetical person with Plaintiff's limitations would able to perform the requirements of representative occupations such as a hand packer (light, unskilled) with 312,403 such jobs in the national economy and 3,016 such jobs in Arkansas. *Id.* The VE also testified that representative jobs in that occupation include mop head wrapper, bottle line attendant, and shoe packer. *Id.* Based upon this testimony, the ALJ determined Plaintiff had not been under a disability as defined in the Act from January 1, 2010 through the date of his decision or through July 14, 2011. (Tr. 19, Finding 11).

Thereafter, on August 2, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5). The Appeals Council denied this request for review on August 13,

3

2012. (Tr. 1-3). On September 11, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 21, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.      **Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (A) the ALJ failed to develop the record as it relates to his psychological impairments; (B) the ALJ erred in evaluating his RFC; and (C) the ALJ erred in evaluating his credibility. ECF No. 13 at 1-19. In response, Defendant argues the ALJ fully and fairly develop the record regarding Plaintiff's psychological impairments, substantial evidence supports the ALJ's RFC assessment, and the ALJ performed a proper credibility evaluation. ECF No. 14 at 1-14. The Court will consider all of the arguments

Plaintiff has raised.

### A. Development of the Record

Plaintiff claims the ALJ did not properly develop the record as to his psychological impairments. ECF No. 13 at 8-10. In support of his claim, Plaintiff relies upon the findings of Dr. Terry Efird, Ph.D. (Tr. 302-306). In this report, Dr. Efird found Plaintiff "appears remarkably impaired at this time" and "most likely will have difficulty in the area of social functioning." *Id.* Plaintiff also references his hearing testimony wherein he stated that he previously tried committing suicide. *Id.* Plaintiff claims this evidence indicates he suffers from a disabling mental impairment, and the ALJ was required to further develop the record as to this impairment. *Id.*

Upon review of the transcript in this case, the Court finds no basis for reversal on this issue. Dr. Efird examined Plaintiff on September 9, 2010 as a part of a consultative examination. (Tr. 302-306). Although he did find Plaintiff would "most likely" have difficulty in social functioning and "appears remarkably impaired at this time," he did not find Plaintiff's mental impairments caused him to be unable to work. (Tr. 305). Indeed, he found Plaintiff had "the capacity to perform basic cognitive tasks required for basic work like activities." *Id.*

Further, Plaintiff claims his testimony that he tried to commit suicide demonstrates his mental impairment was disabling, and the record needed further development on this issue. ECF No. 13 at 8-10. However, interestingly, Plaintiff reported to Dr. Efird that he had not had suicidal ideations *in the last four years*. (Tr. 304). Accordingly, Plaintiff has not demonstrated that reversal is required.[2] *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding that the ALJ's

---

[2] As a part of his argument on this issue, Plaintiff also appears to claim the ALJ improperly found his depression was non-severe at Step 2 of the analysis. ECF No. 13 at 10. However, as noted above, the ALJ did determine Plaintiff's depression was severe. Thus, the Court finds Plaintiff's argument on this issue is without merit.

failure to develop the record does not require a remand unless there is a demonstration of "unfairness or prejudice").

      **B.**      **RFC Determination**

Plaintiff claims the ALJ did not adequately consider his limitations of "eye strain," lack of balance, and lack of depth perception that result from his right eye blindness. ECF No. 13 at 10-13. Plaintiff also argues the ALJ erred in considering whether he should be restricted from working at a job that has steam and heat because he has claimed they impact his vision as well. *Id.* In support of this argument that he has these specific limitations, Plaintiff does not provide any medical records but only references his testimony at the administrative hearing and his allegations in his disability applications. *Id.*

Upon review, the Court finds the ALJ's RFC is supported by substantial evidence in the record. During the administrative hearing in this matter, Plaintiff testified that he lost vision in his right eye after being stabbed in the eye with a dart when he was a child. (Tr. 32). Plaintiff also testified his right eye blindness causes vision problems in his left eye as well. *Id.* Plaintiff argues these problems include eye strain, lack of balance, lack of depth perception, and inability to work around eye irritants. *Id.*

In his RFC determination, the ALJ found Plaintiff needed to "avoid concentrated exposure to temperature extremes . . . fumes, odors, dusts, and other pulmonary irritants. He cannot do work requiring excellent vision." (Tr. 13, Finding 5). Thus, despite Plaintiff's claim, the ALJ did account for his eye strain[3] and inability to work around eye irritants. Further, while Plaintiff argues that he

---

[3] This is assuming Plaintiff does suffer from eye strain. Plaintiff's treating ophthalmologist reported Plaintiff had 20/20 vision in his left eye on May 11, 2011. (Tr. 383). Thus, there is no indication Plaintiff does suffer from left eye strain.

7

suffers from a lack of balance and depth perception, Plaintiff has not provided any medial evidence demonstrating those limitations. Thus, the Court finds Plaintiff has not met his burden on this issue. *See Perks v. Astrue,* 687 F.3d 1086, 1092 (8th Cir. 2012) (holding "the burden of persuasion to prove disability and demonstrate RFC remains on the claimant") (citation omitted). Accordingly, Plaintiff has not provided a basis for remand on this issue.

### C. Credibility Determination

Plaintiff claims the ALJ improperly considered his subjective complaints. ECF No. 13 at 13-20. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v.*

---

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*.  Notably, the ALJ provided the following reasons for discounting Plaintiff's allegedly disabling limitations: (1) Plaintiff drew unemployment benefits and stated he was "ready, willing, and able to work"; (2) Plaintiff represented he was able to a number of daily activities, including cleaning, doing laundry, and shopping independently; (3) Plaintiff provided inconsistent explanations of the cause of a back injury he received in March of 2011; (4) Plaintiff stated in one report that he could follow spoken instructions "very well"; and (5) Plaintiff did not seek follow-up treatment for his eye impairment and headaches..[5]  (Tr. 13-18).  Based upon these facts, the Court finds the ALJ's credibility is entitled

---

[5] Plaintiff seeks to excuse this failure to seek follow-up treatment by claiming he could not afford that treatment.  ECF No. 13 at 14-15.  Plaintiff is correct that a claimant's inability to afford treatment should be considered in evaluating whether the claimant's failure to seek medical treatment was excused.  *See Benskin v. Bowen,* 830 F.2d 878, 884 (8th Cir. 1987) (holding "lack of financial resources may in some cases justify the failure to seek medical attention").  However, the claimant's bare allegation that he or she cannot afford medical treatment is not sufficient.  *See Murphy v. Sullivan,* 953 F.2d 383, 386-87 (8th Cir. 1992) (holding the claimant must present evidence of "severe financial hardship" such as a showing that the claimant attempted but failed to obtain low-cost medical treatment or the claimant had been denied medical care "because of . . . [a] financial condition").  Here, Plaintiff has demonstrated that he has suffered from such a "severe financial hardship."  Thus, his failure is not

9

to deference. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding "[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of June 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

excused.